FILED

2023 Oct-27  PM 12:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| **ANTONIO TREMAIN LOCKETT** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **7:20-cv-08036-LSC** |
| | ) | **7:13-cr-00201-LSC-HGD-1** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM OF OPINION**

## I.     Introduction

Before this Court is a motion by Antonio Tremain Lockett ("Lockett" or "Petitioner") to vacate, set aside, or otherwise correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). (Doc. 1.) The United States ("Government") responded in opposition to the motion. (Doc. 11.) For the reasons set forth below, Lockett's § 2255 motion (doc. 1) is due to be denied and the present action dismissed.

## II.     Background

### A.     Charges and Sentencing

In May 2013, Lockett was indicted by a grand jury on one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Cr. Doc. 1.)[1] Gregory

---

[1] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, *United States v. Lockett*, No. 7:13-cr-00201-LSC-HGD-1.

Reid represented Lockett at the preliminary hearing, at the arraignment and plea, and at sentencing. (Doc. 2 at 11.) Lockett entered into a plea agreement with the Government and pled guilty to the charge on September 13, 2013. (Cr. Doc. 11.) On January 9, 2014, Lockett was sentenced to seventy months of imprisonment. (Cr. Doc. 18 at 2.)

### B.    Appeal

Lockett filed an appeal of his sentence, listing James Tobia Gibson, a Federal Public Defender, as his counsel. (Doc. 2 at 11.) Lockett argued on appeal that his court-appointed trial counsel rendered ineffective assistance of counsel by advising him to sign a plea agreement that unnecessarily admitted that he used a firearm during an armed robbery. *See* Case No. 14-10144 (11th Cir. 2014). Lockett argued that:

> [H]is counsel should have known that the facts set forth in [his] plea agreement (1) were not necessary for a conviction under § 922(g)(1), (2) would likely be used to, and indeed were used to, enhance his sentence under United States Sentencing Guideline (USSG) §§ 2K2.1(c), 2X1.1, and 2B3.1, and (3) would all but assure his conviction for robbery in his still-pending state proceeding.

*Id.* at 2.

On appeal, the Eleventh Circuit informed Lockett that "a motion for habeas corpus under 28 U.S.C. § 2255 remains '[t]he preferred means for deciding a claim of ineffective assistance of counsel.'" *Id.* at 2. (quoting *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010)). The Eleventh Circuit further informed

Lockett that "[r]esolution of [his] ineffective assistance of counsel claim would thus benefit greatly from the development of a more comprehensive record in a collateral attack brought under 28 U.S.C. § 2255." *Id.* at 4. They subsequently declined to resolve Lockett's ineffective assistance of counsel claim on appeal. *Id.*

### C.    § 2255 Proceedings

On November 16, 2020, Lockett began this action by filing a Motion to Vacate under 28 U.S.C. § 2255. (Doc. 1.) On March 19, 2021, Lockett filed an Amended Motion. (Doc. 2.) Lockett argued the same thing he did on appeal: that he received ineffective assistance of counsel because his counsel advised him to sign a plea agreement which unnecessarily admitted that he knowingly used a firearm during the robbery at issue in the pending state case. (*Id*. at 4.) Lockett further argued that the facts in the plea agreement were not necessary for conviction under 18 U.S.C. § 922(g)(1) and were used to enhance his sentence under the United States' sentencing guidelines. (*Id.*) Lockett also argued that pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Government failed to prove that Lockett knew that he was a felon for purposes of 18 U.S.C. § 922(g). (Doc. 1 at 4; Doc. 2 at 6.) *Rehaif* announced that the "knowingly" requirement of 18 U.S.C. § 922(g) applies both to the defendant's conduct and the defendant's status as a felon. *Rehaif*, 139 S. Ct. at 2194. Now, to convict a defendant under 18 U.S.C. § 922(g), "the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he

had the relevant status when he possessed it." *Id*.

### D.    Non-Successiveness of § 2255 motion

Lockett is bringing his first § 2255 motion, so this is not a "second or successive" motion within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

## III.    Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are limited. A petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

In litigation stemming from a § 2255 motion, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported

generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)). However, an evidentiary hearing is appropriate if, "accept[ing] all of the petitioner's alleged facts as true," the petitioner has "allege[d] facts which, if proven, would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987) and *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

## IV. Discussion

### A.   Timeliness of Lockett's Claims in § 2255 Motion

Pursuant to 28 U.S.C. § 2255(f)(1), there is a one-year statute of limitations for § 2255 motions.

> The limitation period shall run from (1) the date on which the judgment of conviction becomes final; . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2255(f).

### 1.   Timeliness of Ineffective Assistance of Counsel Claim

In his § 2255 motion, Lockett asserts that he received ineffective assistance of counsel. This assertion is untimely and will be dismissed without a hearing.

On September 12, 2014, the Eleventh Circuit entered an opinion, which

declined to hear Lockett's ineffective assistance of counsel claim based on the same facts alleged now. *See* Case No. 14-10144 (11th Cir. 2014). They suggested that he file a § 2255 motion instead. *Id.* at 4. Lockett did not file a petition for a writ of certiorari; therefore, the Eleventh Circuit's decision became final 90 days later on December 11, 2014. *See* SUP. CT. R. 13*; see also Michel v. United States*, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008) ("When no petition for writ of certiorari is filed, the judgment becomes final for § 2255 purposes when the time for filing the petition expires. *Clay v. United States*, 537 U.S. 522, 524 (2003). A petition for writ of certiorari must be filed within 90 days of the day the appellate court's judgment was entered.").

Because the Eleventh Circuit's judgment became final on December 11, 2014, and Lockett filed this § 2255 motion on November 16, 2020, his ineffective assistance of counsel claim is not timely and is therefore time-barred. While the Eleventh Circuit informed Lockett that "[r]esolution of [his] ineffective assistance of counsel claim would thus benefit greatly from the development of a more comprehensive record in a collateral attack brought under 28 U.S.C. § 2255" (Case No. 14-10144), he waited to bring this motion "[a]lmost six years after his criminal case became final." (Doc. 11 at 1.) Thus, this claim is untimely and due to be dismissed.

## 2.    Timeliness of *Rehaif* Claim

Additionally, Lockett raises another ground in his petition relating to the application of the *Rehaif* decision to his case. (Doc. 1 at 4; Doc. 2 at 6.) While the Eleventh Circuit explained that "*Rehaif* announced a new rule of substantive law that applies retroactively," the limitation period for bringing a *Rehaif*-based claim is controlled by § 2255(f)(3). *Seabrook v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022). Thus, claims must be raised within one year of the "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The Supreme Court decided *Rehaif* on June 21, 2019. *See* 139 S. Ct. 2191 (2019). As a result, Lockett had until June 21, 2020 to assert any challenge to his prior conviction based on the *Rehaif* decision. However, Lockett waited until November 16, 2020 to file his § 2255 motion. Thus, this claim for relief is also due to be dismissed as untimely.

### B.    Knowledge Requirement of 18 U.S.C. § 922(g)

Even if his *Rehaif* claim were not time-barred, it is also due to be dismissed on the merits. Lockett asserts under *Rehaif v. United States* that he "lacks the 'knowledge' elements for a § 922(g) claim that he "'knowing[ly] and unlawfully possessed firearms." (Doc. 2 at 6.)

Lockett should have known that he was a felon based on the fact that he previously spent nearly five years in prison on his state convictions. (Doc. 11 at 4 n.1; Cr. Doc. 16 at 9.) Under *United States v. Innocent*, a defendant should know

that "serving more than a year in prison provides circumstantial evidence of knowledge of felon status." 977 F.3d 1077, 1083 (11th Cir. 2020). Additionally, "[i]f a person is a felon, he ordinarily knows he is a felon. 'Felony status is simply not the kind of thing that one forgets.'" Greer v. United States, 141 S. Ct. 2090, 2097 (2021) (quoting United States v. Gary, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J., concurring)).

Lockett does not present evidence that he lacked knowledge of his status as a felon when he possessed the firearms. Rather, Lockett merely states that "the government failed to prove under 18 U.S.C. § 922(g)(1) and that [Lockett] possessed a firearm and that he knew he belonged to the relevant category barred from possessing a firearm." (Doc. 1 at 4.)

### C.    Actual Innocence

Lockett finally argues that his failure to timely file his § 2255 motion should be excused due to actual innocence. (Doc. 2 at 12.) Lockett cites *McQuiggin v. Perkins*, which held that pleas of actual innocence can overcome habeas statutes of limitations. 569 U.S. 383, 383 (2013). When actual innocence is proved, it serves as a gateway through which the petitioner may pass when a statute of limitations expires. *Id.* at 386.

However, "tenable actual innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that,

in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 332 (1995)). Additionally, actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To be credible, claims of actual innocence "[require] [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. This standard is demanding and is rarely met. *Id.* at 332.

Because Lockett provided no evidence of actual innocence, he does not meet this demanding standard. Perhaps, Lockett could have provided exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, but instead, he only provided the statement that "[a]bsent the constitutional error Lockett would have been acquitted." (Doc. 2 at 12.)

### V.    Conclusion

For the foregoing reasons, Lockett's § 2255 motion to vacate, set aside, or correct his sentence (doc. 1) is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the

applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). This Court finds that Lockett's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on October 27, 2023.

L. Scott Coogler
United States District Judge

215708